

IC

FILED

JAN 31 2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Neal Evan Price , )<br>  Plaintiff, )<br> )<br>v. )<br> )<br>Cook County, Cook County ~~Prosecutor's Office~~, States Attorney )<br>Norma Loza, Individual and Official Capacity )<br> )<br>  Defendant ) | Case No. _____<br><br>1:25-cv-01092<br>Judge Jorge L. Alonso<br>Magistrate Judge Jantz<br>RANDOM / CAT.2 |

### COMPLAINT

Plaintiff Neal Price brings this Complaint for Damages for $250 million against Cook County, Cook County ~~Prosecutor's Office~~ States Attorney and Norma Loza in individual and official capacity under 42 USC 1983 and 1985 for malicious prosecution and violations of the 4th, 8th, and 14th amendment and also false imprisonment

**Introduction**

It's time to clear the record. Plaintiff is willing to attempt to get justice until death to settle this matter. Price is by no means perfect and actually far from it, but the picture that Cook County and their prosecutors portrayed of the plaintiff in 2013 and THEN AGAIN in 2024 for the same case was inaccurate, unacceptable, and malicious. The statute of limitations for malicious prosecution is 2 years. This matter is within the statute of limitations because even though Price was convicted in 2013, the expungement and sealing proceedings in July of 2024 had the same case number and caption as the criminal proceedings which tolled the statute of limitations. Prosecutor Norma Loza attempted to maliciously prosecute Price again at the proceedings in July 2024 by lying on him to prevent him from getting his record expunged and sealed, committing prosecutorial misconduct. The statute of limitations with regards to

1

expungement will most likely come under review and the plaintiff is ready to assert his argument. The Supreme Court says that post conviction proceedings are civil in nature but how is that when post conviction proceedings have the same criminal caption and case number as the criminal case, and post conviction motions are filed in criminal court and not civil? This warrants review.

Suits against counties are allowed under Lincoln County v. Luning, 133 U.S. 529 so the Seventh Circuit case law will not be able to protect them unless they are going to violate Supreme Court law. Even if courts in Illinois attempt to protect counties and their agents from suit, the Supreme Court will again decide if they are protected as they stated they would in Lincoln County v. Luning, 133 U.S. 529. Suits against individual prosecutors are allowed as well. (McDonough v. Smith, 588 U.S. 109)

## Jurisdiction and Venue

This Court has jurisdiction over this action pursuant to the laws of the United States, as the claims arise under federal statutes and constitutional provisions. Venue is proper in this district as the events giving rise to this action occurred in the Northern District of Illinois. The amount in question is in excess of $75,000 and diversity of citizenship would apply. 28 USC 1331, 28 USC 1332

## Parties

1. Plaintiff Neal Price is a legal resident of Georgia who is from the Chicago area who has come back to the area to clear his name, record, and for justice.

2

2. Defendant Cook County, Cook County Prosecutor's Office, and Norma Loza are subject to this jurisdiction because they all operate under the color of state law in this federal district and do NOT enjoy 11th amendment immunity because they are not "arms of the state."

**Factual Background**

1. On July 17th 2013 Price was arrested for Promoting Juvenile Prostitution (720 ILCS 5/11-14.4) and Promoting Prostitution (720 ILCS 5/11-14.3) via a sting operation from local agencies.

2. The Promoting Juvenile Prostitution charge was unwarranted and there was no probable cause to charge Price with this. The promoting prostitution charge was dismissed aka nolle prosequi. Price was maliciously charged with this count to bolster the reputation of Cook County and their prosecutors under the guise of stopping "human trafficking." The first part of the statute states (a) Any person who knowingly performs any of the following acts commits promoting juvenile prostitution:.." Cook County and their prosecutors knew that Price did not meet the standard for this charge to be rendered but instead maliciously charged Price with this count anyway.

3. Price was held in a cell for 72 hours while Cook County and their prosecutors figured out a way to maliciously charge Price with the count that was dismissed. After the malicious charge was announced, Price's face and image was then posted all across news platforms and portrayed as a human trafficker despite never being charged with human trafficking because of Cook County's need to virtue signal for convictions. An example of one of these articles is in Exhibit A.

3

4. Ultimately the Promoting Juvenile charge was dismissed but the damage was already done. After the charge was dismissed, Cook County Prosecutors then offered Price the max sentence for his Class 4 Promoting Prostitution conviction which was 3 years. Price ignorantly took the deal for his lack of legal knowledge at the time. Either way it must stand that Price only has a Class 4 conviction for Promoting Prostitution of an adult 19 year old woman on his record.

5. Because of Cook County's malicious behavior, the plaintiff was subject to humiliation via mass media and news postings. Youtubers have taken the defaming articles and have reposted them as well. Price is currently suing Patch and Hale Global in the SDNY for their defamation in the article in Exhibit A which has been reposted countless times even recently before he had it taken down.

6. Now here we are 11 years later as Price files his petition for expungement and sealing at Markham Courthouse. A hearing was set for June 5th 2024 and prosecutor Norma Loza couldn't wait to get on the stand and lie on Price again. The transcripts are on Exhibit B. Upon Price's turn, Loza continued to maliciously prosecute Price and lie on him and said that Price was "using a website to prostitute two individuals: one being a minor..." (Exhibit B, Transcript page 3) Once again Cook County and their officers tried to maliciously prosecute Price into not being able to achieve his former status as a first class citizen and committed double jeopardy. Price was already acquitted of Promoting Juvenile Prostitution so how then can Loza claim he was doing something that the State or County has not proved? This was prosecutorial misconduct and Price's constitutional rights were violated as a result of Loza's behavior. Loza's behavior and lies could have possibly prevented Price from getting the full expungement he sought in which instead his record was sealed.

4

7. Another lie Loza stated was that Price talked to undercover officers that night. This was said so that it could be presented to the judge that Price facilitated everything. Price never talked to any undercover officer that night at all. There is no record of that, no recording, or a transcript of Price talking to any undercover that night. That is a lie and Price cannot wait until discovery for the truth to come out. The plaintiff believes Loza also prosecuted Price's original criminal case.

8. Price also had to temporarily register as a sex offender temporarily because Cook County prosecutor's malicious paperwork submitted to the IDOC. Thankfully a lady from the Illinois State Police contacted Price a couple days after this designation and corrected this mistake. However the embarrassment was already rendered as Price had to let his neighbors know that he was a sex offender at the time.

8. The malicious prosecution in 2013 along with the continued behavior in the 2024 expungement proceedings under the same criminal caption and case number constitute a valid claim and Price looks forward to having the law clear up all challenges.

## Claims for Relief

1. **Violation of Civil Rights:** Defendant's actions have deprived Plaintiff of his civil rights, including his right to due process under the 4th, 8th and 14th Amendment. Cook County, Cook County Prosecutor, and Norma Loza did not have probable cause to charge Price with Promoting Juvenile Prostitution which is why it was dismissed. It was malicious prosecution. The 8th amendment was violated because the prosecutors set a high bail which did not match Price's true charges, they offered the max sentence, and having to temporarily register all constituted cruel and unusual punishment. The 14th

5

amendment was violated because equal protection of the law was not given to Price. Neither of the other parties arrested were charged and convicted for Prostitution to Price's knowledge, and even if they were, the ILCS allows for Prostitution to be expunged which is a class 4 felony, but Promoting prostitution which is also a class 4 felony is not expungeable which creates a constitutional discrepancy and warrants review. This was selective enforcement as well.

2. **Intentional Infliction of Emotional Distress:** The plaintiff cannot put into words the emotional harm that is caused from having a false charge rendered on you that was dismissed later. Along with that was the media coverage and being labeled as a human trafficker.

3. **False Imprisonment:** Price was held at Markham Courthouse upon his arrest for 72 hours, in excess of the statutory allowed time when he was arrested on July 17th, 2013.

### Prayer for Relief

**WHEREFORE,** Plaintiff Neal Price respectfully requests that this Court:

a. Award Plaintiff compensatory, punitive, and other justified damages in the amount of $250,000,000;

b. Grant such other and further relief as the Court deems just and proper.

c. Compel Cook County, Cook County Prosecutor's Office, and Norma Loza to give statements that correctly account for what happened during these events with the Plaintiff.

Respectfully Submitted,

/s/ Neal Price
Neal Price
nealprice55@yahoo.com

7

**EXHIBIT A:**



patch.com/illinois/chicagoheights/olympia-fields-man-arrested-in-human-trafficking-case

Crime & Safety

**Olympia Fields Man Arrested in Human Trafficking Case**

A 24-year-old man faces charges for promoting juvenile prostitution after police discovered a missing 17-year-old girl in his company.

Ryan Fitzpatrick, Patch Staff

Posted Sat, Jul 20, 2013 at 4:44 pm CT

Featured Even

Apr 12, 2024
South Suburban
Fair

Apr 17, 2024
One Earth Film I
Opening Night L
Party

Apr 27, 2024

**EXHIBIT B:**

STATE OF ILLINOIS   )
                    )  SS:
COUNTY OF C O O K   )

     IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
     MUNICIPAL DEPARTMENT - SIXTH MUNICIPAL DISTRICT

THE PEOPLE OF THE              )
STATE OF ILLINOIS,             )
                               )
               Plaintiff,      )
                               )
          vs.                  )  Nos. 2013CR1530501
                               )        13600799502
NEAL PRICE,                    )
                               )
               Defendant.      )

          REPORT OF PROCEEDINGS had at the Zoom hearing of

the above-entitled cause, before the HONORABLE TOMMY

BREWER, Judge of said court, on the 5th day of June 2024.

          APPEARANCES:
               HON. KIMBERLY M. FOXX,
               State's Attorney of Cook County, by:
               MS. NORMA AMOFA-LOZA,
               Assistant State's Attorney,
                    Appeared for the People.

Stacee L. Jackson, CSR
Official Court Reporter
License No. 084-003972

1

THE COURT: Next case we have is Neal Price. Neal Price?

THE DEFENDANT: Yes, your Honor, yes.

THE COURT: Are you represented by counsel, Mr. Price?

THE DEFENDANT: No, your Honor. I will be representing myself today.

THE COURT: I'm not sure if that's a good idea.

THE DEFENDANT: Your Honor, that is the option I choose to go today.

THE COURT: Okay. All right.

MS. AMOFA-LOZA: Your Honor, as to Mr. Neal Price I have both a statutory and a public policy objection. He asks to expunge the 136 and a 13CR number. They are -- one is a municipal number and one is the criminal number from the -- the petitioner was actually convicted promoting prostitution and was sentenced to three years in the Illinois Department of Corrections.

THE COURT: He was convicted of what?

MS. AMOFA-LOZA: Promoting prostitution is the charge. It's a felony. He was sentenced to three years Department of Corrections. He is not eligible for expungement as to this conviction. And if petitioner were to be asking to seal it, we would also be objecting

2

to any sealing due to the facts of the case.  Would you like to hear them now, your Honor?

THE COURT:  Yes.

MS. AMOFA-LOZA:  Your Honor, as to this case the petitioner was using an online website to prostitute two individuals; one being a 17-year-old minor and a 19-year-old female.  He actually conversed with an undercover officer.

THE DEFENDANT:  I object.  I object.  That was only for one of the females.  You can't say two.  I was only convicted for one, one of the females.  I wasn't convicted for both.

THE COURT:  I understand.  I will note your objection.  Your objection is overruled.  You may proceed.

MS. AMOFA-LOZA:  Your Honor, yeah, so he -- the facts were that he set up -- yeah, he had set up the page and an undercover officer had reached out to him for the services of the two females.  And he had agreed.  He was then subsequently arrested.  He did plead to one count. He did plead to the 19-year-old which is why he got the reduced conviction and the reduced amount of three years Department of Corrections.

THE COURT:  Mr. Price, I want to note for the record

3

that I'm in receipt of a -- correspondence from you --

THE DEFENDANT: Yes, your Honor.

THE COURT: -- directed to me. I have not read it. I just --

THE DEFENDANT: Yes, your Honor. I can explain it. I can explain it if it's my turn to speak or is it my turn or --

THE COURT: I'll hear you.

THE DEFENDANT: Okay. Yeah, I did submit mitigation as well. So as the State's attorney said, I was convicted of a 19-year-old. So that 17-year-old issue is moot. It's null and void. And it's not -- should not be a factor at all. The other charge of promoting juvenile prostitution that is eligible for expungement under ILCS 2630/5.2 (b)1 which says charges that go and that are dismissed are eligible. As far as the promoting prostitution it is eligible because, once again, we're talking about a 19-year-old adult. And when I was looking at expungement law, it says that felony prostitution is eligible for expungement. And so for a felony promoting prostitution -- if that's not eligible, I'm going to say that's a violation of the 14th amendment of equal protection under the law.

So it's crazy to me how the felony prostitution

4

is eligible but promoting prostitution of an adult is not eligible. And, once again, your Honor, I ask that you don't take into account the situation with the minor because I was not convicted of that at all. And in the expungement law it says --

THE COURT: What did happen with that? Was that dismissed?

THE DEFENDANT: Yes.

MS. AMOFA-LOZA: As part of the plea --

THE DEFENDANT: It was dismissed.

MS. AMOFA-LOZA: -- it was dismissed. It's under the case number --

THE DEFENDANT: But it was dismissed, your Honor. It was dismissed. And so that shouldn't be brought in at all. Under the expungement law it says the Court may consider the following: The strength of the evidence of the defendant's conviction; it says you should also consider the reasons for retention of the conviction. Also it says you should consider the age and the criminal record history. I'm 35. This was 11 years ago. I haven't had a single conviction since then. I've been employed since then. So for 11 years no trouble at all; and also the time between now and the conviction has been over a decade. I have not been in trouble at all and

5

this charge is eligible. The minor situation should be null and void, your Honor.

THE COURT: Let me take a moment to look over the mitigation that you submitted.

THE DEFENDANT: Thank you.

THE COURT: Let me ask you this. First, are you -- the State is arguing -- one of the things they're arguing is that you may be eligible for sealing but not expungement. Your position is that you are?

THE DEFENDANT: Yes, I am eligible. For the charge I was charged with for promoting juvenile prostitution -- that charge is eligible because it was dismissed. That was nolle prosequi. So that charge was dismissed. As far as the promoting prostitution charge, that was the charge of another adult female who was also prostituting which if she was not charged with prostitution, it's not --

THE COURT: But that was not dismissed. You got a conviction for that, correct?

THE DEFENDANT: Yes. Yes, sir.

THE COURT: So your position is that that's eligible for expungement?

THE DEFENDANT: And sealing, yes, because why wouldn't it be. The only thing not eligible according to

6

the law is sex offenses against a minor. I don't qualify for that. This is not that situation. The ILCS says sex offenders against a minor are not eligible. This is not the situation. This is not a sex offender against a minor. Like the State's attorney said, the individual was 19 years old. And if she wasn't charged with prostitution, this would be also selective prosecution which is also illegal. And I wasn't getting equal protection under the law. But this was an adult. This was a 19-year-old adult. So this does qualify for expungement and sealing.

THE COURT: Mr. Price, I will give you July 17th. We will continue your petition till then.

THE DEFENDANT: No problem, sir. It'll be the same Zoom, same Zoom room?

THE COURT: Yeah, same place. Hold on call 7/17. State, I didn't get -- do you want to make a response to the fact that he has taken the position that it's eligible for expungement and sealing?

MS. AMOFA-LOZA: Your Honor, as to -- I mean in the order -- yes, he was convicted. He's asking for expungement as to that in this order. That was a conviction no matter what. It cannot be expunged no matter what. I disagree that you can take charges and --

7

from the same -- these aren't two separate cases.  This is one case.  He pled --

THE COURT:  Well, the Court can consider the facts surrounding the case anyway.  So I'm hearing it on that basis as well.  Maybe I can consider it over all in terms of aggravation but --

THE DEFENDANT:  Your Honor, according to the statute it is eligible.  I don't know why -- what statute is she bringing up that says -- I've got the statute right in front of me.

THE COURT:  I don't -- Mr. Price, I don't have time to read it now and digest it, so I'm giving you 7/17.

THE DEFENDANT:  Okay.  Should I present a memorandum with this, the actual law?

THE COURT:  You may.

THE DEFENDANT:  I will do that, your Honor.  The 17th of July I'll be ready.  Thank you.

(The above-entitled cause was continued to July 17, 2024.)

(Which were all the proceedings had in the above-entitled cause.)

STATE OF ILLINOIS      )

                       )  SS:

COUNTY OF C O O K      )

        IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

      MUNICIPAL DEPARTMENT - SIXTH MUNICIPAL DISTRICT

        I, Stacee L. Jackson, Official Court Reporter of the Circuit Court of Cook County, Municipal Department - Sixth Municipal District, do hereby certify that I reported in shorthand the proceedings had on the Zoom hearing in the aforementioned cause; that I thereafter caused the foregoing to be transcribed into typewriting, which I hereby certify to be a true and accurate transcript of the Report of Proceedings had before the HONORABLE TOMMY BREWER, Judge of said court.

*Stacee L. Jackson*
_____

Official Court Reporter

Stacee L. Jackson, CSR No. 084-003972

Circuit Court of Cook County

Dated this 6th day of June 2024

9